(C.D. 2182)

## Hulse Import Co. *v.* United States

United States Customs Court, Third Division

(Decided May 31, 1960)

*Lawrence & Tuttle* (*Barnes, Richardson & Colburn* by *Edward N. Glad* of counsel) for the plaintiff.

*George Cochran Doub*, Assistant Attorney General (*Sheila N. Ziff*, trial attorney), for the defendant.

Before JOHNSON, DONLON, and RICHARDSON, Judges

RICHARDSON, Judge: This action relates to certain canned beer which was denied admittance into this country by the Food and Drug Administration.

The case has been submitted for decision upon a record containing the following stipulation of facts entered into at the trial by counsel for the parties:

MR. GLAD: I offer to stipulate that the merchandise involved herein consists of 303 cases of Henninger beer "Pilsner" exported from West Germany during the latter half of 1957, and was entered for consumption at Porland [*sic*], Oregon, on January 27, 1958. Payment of estimated duty and taxes, under Paragraph 805 of the Tariff Act as amended, in the amount of $85.22 and under Section 5051 of the Internal Revenue Code in the amount of $197.93 was made at that time.

I further offer to stipulate that this merchandise was denied admittance by the Food & Drug Administration under Section 304(a) of the Tariff Act of 1930 as not being legally marked with the country of origin as the cans of beer were labeled in the German language.

I further offer to stipulate that thereafter 292—17/24 cases of this merchandise was exported in accordance with Section 558(a)(2) of the Tariff Act of 1930 and Section 12.6(b) of the Customs Regulations and refund of duties levied under Paragraph 805 at the time of entry, except for the amount found short was made, in the amount of $81.48. However, no part of the $197.93 paid in at the time of entry under Section 5051 of the Internal Revenue Code was refunded.

MRS. ZIFF: We so stipulate.

The controversy centers around the failure of the collector to refund any part of the estimated taxes paid on the merchandise. Therefore, the question is whether estimated taxes which have been paid on imported merchandise under 26 U.S.C.A., section 5051 (section 5051 of the Internal Revenue Code of 1954), as amended, should be refunded upon the exportation of said merchandise in conformity with the provisions of 19 U.S.C.A., section 1558(a)(2) (section 1558(a)(2) of the Tariff Act of 1930), as amended, and section 12.6(b) of the Customs Regulations of 1954.

The pertinent statutes and the regulation read in part as follows:

[26 U.S.C.A., section 5051 (section 5051, Internal Revenue Code of 1954), as amended. Imposition and rate of tax.]

(a) Rate of tax.—There is hereby imposed on all beer, brewed or produced and sold, or removed for consumption or sale, within the United States, or imported into the United States, a tax of $9 for every barrel containing not more than 31 gallons, and at a like rate for any other quantity or for the fractional parts of a barrel authorized and defined by law. On and after April 1, 1957, the tax imposed by the preceding sentence shall be at the rate of $8 in lieu of $9. . . .

[19 U.S.C.A., section 1558 (section 558, Tariff Act of 1930), as amended. No remission or refund after release of merchandise.]

(a) No remission, abatement, refund, or drawback of estimated or liquidated duty shall be allowed because of the exportation or destruction of any merchandise after its release from the custody of the Government, except in the following cases:

.    .    .    .    .    .    .

(2) When prohibited articles have been regularly entered in good faith and are subsequently exported or destroyed pursuant to a law of the United States and under such regulations as the Secretary of the Treasury may prescribe; . . . .

Section 12.6(b) of the Customs Regulations:

In any case where the admission of such merchandise into the United States is refused and the merchandise is exported or destroyed under proper supervision, the merchandise is exempt from duty and any duties collected thereon shall be refunded.

Plaintiff contends that, for the purpose of section 1558(a)(2), taxes levied on imported merchandise should be considered as a customs duty, and that the instant taxes should be refunded by virtue of the provisions of that statute.

We think that there is merit in this contention. Although the taxes were collected by the collector of customs as internal revenue taxes, they were collected at the time of entry according to customs requirements, just as were the estimated duties, and, in this respect, were treated as customs duties. We fail to see why they should not have been accorded similar treatment by the collector when the beer was denied admittance into the country and was exported according to customs requirements.

We can only conjecture as to the reason which motivated the collector of customs in refusing to refund the involved taxes. The reason is not spelled out in his answer to the protest. The case was submitted on the record without argument of counsel, and no brief was filed on behalf of defendant. It is suggested in the brief filed by counsel for the plaintiff that the collector's refusal was based on the fact that the Internal Revenue Code contains no provision for a refund, such as that sought here, and on the further fact that 19 U.S.C.A., section 1528 (section 528 of the Tariff Act of 1930), as amended, provides in part that:

No tax . . . imposed by or pursuant to any law of the United States shall be construed to be a customs duty for the purpose of any statute, relating to the customs revenue, unless the law imposing such tax or charge designates it as a customs duty or contains a provision to the effect that it shall be treated as a duty imposed under the customs laws. . . .

However, plaintiff contends, and we agree, that this section does not warrant making any distinction for the purpose of section 1558 (a)(2) between the estimated taxes and the estimated duties paid on the instant merchandise. Section 1528 was construed in the case of

*Westco Liquor Products Co.* v. *United States*, 24 Cust. Ct. 120, C.D. 1219. There, the collector of customs made a demand upon the importer for payment of an increased internal revenue tax found to be assessable on imported wine, by reason of a belated ascertainment that the absolute alcohol therein was greater than 21 per centum by volume. These demands were made more than 30 to 90 days after withdrawal of the wine from warehouse for consumption and more than a year and 5 months after liquidation. Under 19 U.S.C.A., section 1514 (section 514 of the Tariff Act of 1930), the liquidation of the entry became final and conclusive upon all parties within 60 days, if no protest were filed. Counsel for the Government relied on section 1528 and contended that the tax was not a customs duty for the purpose of any statute relating to the customs revenue, because the statute imposing the tax did not designate it as a customs duty, or provide that it should be treated as such. This court considered the legislative history of section 1528. It determined that the congressional purpose in enacting the section was to make it clear that preferences and exemptions applicable to customs duties are not to apply to internal revenue taxes, in the absence of express statutory authorization. The court found that the internal revenue tax involved was a customs duty for collection purposes and that the customs laws relating to determination and collection of duties were applicable. This case was affirmed *sub nom United States* v. *Westco Liquor Products Co.*, 38 C.C.P.A. (Customs) 101, C.A.D. 446.

We think it is clear from the foregoing case and the history as set forth therein that section 1528 effected no changes in the practice of applying to internal revenue taxes on imports, insofar as applicable, tariff administrative provisions and regulations governing the determination, collection, and refund of customs duties.

We are in accord with the argument of plaintiff that if the involved estimated taxes are not to be treated as a customs duty for the purpose of section 1558, the following amendment to section 24.36 of the Customs Regulations, issued by the Commissioner of Customs and published as T.D. 54896, is without meaning. This section reads, in pertinent part, as follows:

Section 24.36(d)  The authority of collectors of customs to make refunds pursuant to paragraphs (a), (b), and (c) of this section of excessive deposits of alcohol or tobacco taxes, as defined in section 6423(e)(1), Internal Revenue Code of 1954 (26 U.S.C. 6423(e)(1)), is confined to cases of the types which are excepted from the application of section 6423, Internal Revenue Code of 1954 (26 U.S.C. 6423). The excepted types of cases and, therefore, the types in which the collector of customs is authorized to make refunds of such taxes are those in which:

.    .    .    .    .    .    .

(7)  the tax was paid or collected on an imported article refused admission to customs territory and exported or destroyed in accordance with section 558, Tariff Act of 1930, as amended; . . . .

This, we think, is a recognition by the Commissioner of Customs that, for the purpose of section 1558, internal revenue taxes are to be treated as a customs duty.   We also think that the action taken by counsel for defendant of filing in lieu of a brief a notice stating "that upon consideration of the record made and the brief filed by counsel for the plaintiff, this office does not desire to file a brief on behalf of the United States in the above entitled case," constitutes a recognition of the soundness of plaintiff's contentions with respect to the instant controversy.

We are of the opinion that the estimated internal revenue taxes paid on the involved beer should be treated as a customs duty for the purpose of section 1558(a)(2).   Inasmuch as that section and Customs Regulation 12.6(b) provide for a refund of duty on merchandise exported in accordance with the provisions thereof, we hold that the estimated taxes paid under section 5051 of the Internal Revenue Code of 1954, as amended, on the quantity of beer which the parties have agreed was so exported, should be refunded.

Judgment will be rendered accordingly.