(C.D. 2343)

DON W. SNYDER COMPANY *v.* UNITED STATES

United States Customs Court, First Division

(Decided May 17, 1962)

*Glad & Tuttle* (*Edward N. Glad* of counsel) for the plaintiff.
*William H. Orrick, Jr.,* Assistant Attorney General (*Morris Braverman,* trial attorney), for the defendant.

Before OLIVER and WILSON, Judges

OLIVER, Chief Judge: The plaintiff in this case imported 50 cartons of white creme de menthe on which customs duties at the rate of $1.25 per gallon under paragraph 802 of the Tariff Act of 1930, as amended, were paid, in addition to internal revenue tax at the rate of $10.50 per gallon under the provisions of section 5001 of the Internal Revenue Code of 1954 (title 26, U.S. Code).

Within the time provided therefor in section 313(c) of the Tariff Act of 1930, as amended, and with compliance with all pertinent customs regulations, the said 50 cartons of creme de menthe were exported for drawback purposes as not conforming to sample. The collector of customs refunded as drawback 99 per centum of the duties paid under paragraph 802, *supra*, at the time of entry, but denied drawback of any of the internal revenue tax paid at the time of importation, on the ground that there was no basis in the tariff act or in the internal revenue code for the allowance of drawback of internal revenue taxes under the circumstances of this case.

By its protest herein, plaintiff contends that the internal revenue tax should have been refunded "on drawback in accordance with C.D. 2182." Although no statutory authority for such drawback refund is cited in the protest, it is clear that section 313(c), *supra*, of the tariff act is relied upon.

The said section reads as follows:

SEC. 313. DRAWBACK AND REFUNDS.

\*       \*       \*       \*       \*       \*       \*

(c) MERCHANDISE NOT CONFORMING TO SAMPLE OR SPECIFICATIONS.—Upon the exportation of merchandise not conforming to sample or specifications or shipped without the consent of the consignee upon which the duties have been paid and which have been entered or withdrawn for consumption and, within ninety days after release from customs custody, unless the Secretary authorizes in writing a longer time, returned to customs custody for exportation, the full amount of the duties paid upon such merchandise shall be refunded as drawback, less 1 per centum of such duties.

It is the plaintiff's position that the internal revenue tax here involved should be construed and treated for the purpose of the drawback statute as a customs duty, and, for this purpose, it cites and relies upon the decision of this court in the case of *Hulse Import Co.* v. *United States*, 44 Cust. Ct. 243, C.D. 2182.

It is the defendant's position that the exportation of merchandise with benefit of drawback of the duties or taxes paid upon importation is a privilege which is extended only with respect to customs duties assessed and paid upon imported merchandise under the provisions of the tariff act, or with respect to those internal revenue taxes paid upon imported merchandise which have been designated in the law imposing the tax as a customs duty, or in the case of which the law provides that they shall be treated as duties imposed under the customs laws. The law imposing the internal revenue tax involved in the case at bar does not designate the tax as a customs duty nor does it provide that it shall be treated as a customs duty.

Defendant cites as authority for this position section 528, Tariff Act of 1930, as amended, reading as follows:

SEC. 528. TAXES NOT TO BE CONSTRUED AS DUTIES.

No tax or other charge imposed by or pursuant to any law of the United States shall be construed to be a customs duty for the purpose of any statute relating to the customs revenue, unless the law imposing such tax or charge designates it as a customs duty or contains a provision to the effect that it shall be treated as a duty imposed under the customs laws. Nothing in this section shall be construed to limit or restrict the jurisdiction of the United States Customs Court or the United States Court of Customs and Patent Appeals.

The *Hulse* case, *supra*, involved beer, exported from West Germany, on which estimated duties under paragraph 805 of the Tariff Act of 1930 and estimated internal revenue tax under section 5051 of the Internal Revenue Code of 1954 were paid on entry. The beer

was denied admittance by the Food and Drug Administration and was exported in accordance with section 558(a)(2) of the Tariff Act of 1930, relating to refund of duty in the case of prohibited articles, entered in good faith, and subsequently exported.

Plaintiff, in that case, contended that the estimated internal revenue taxes paid on the beer should have been treated as a customs duty for the purpose of section 558(a)(2), *supra*. The position of the defendant was apparently unclear, for the court noted that "the case was submitted on the record without argument of counsel, and no brief was filed on behalf of the defendant."

In finding in favor of the plaintiff's contention, the court cited the case of *United States* v. *Westco Liquor Products Co.*, 38 C.C.P.A. (Customs) 101, C.A.D. 446, as authority for the holding that—

* * * section 1528 effected no changes in the practice of applying to internal revenue taxes on imports, insofar as applicable, tariff administrative provisions and regulations governing the determination, collection, and refund of customs duties.

The court noted, too, that regulations were issued by the Secretary of the Treasury, being amendment of section 24.36 of the Customs Regulations, published in T.D. 54896, apparently under the view that estimated taxes were to be treated as estimated customs duties. The court further noted that it considered the action taken by counsel for the defendant in not filing a brief in the *Hulse* case, but filing, in lieu thereof, a brief notice stating, "that upon consideration of the record made and the brief filed by counsel for the plaintiff, this office does not desire to file a brief on behalf of the United States in the above entitled case," constituted a recognition of the soundness of the plaintiff's contentions in that case.

In the case at bar, the defendant has filed a brief opposing the plaintiff's contentions. Counsel for the defendant relies upon section 528, *supra*, as constituting an absolute bar to the construction of the drawback statute as embracing internal revenue taxes collected upon importation where, as here, the law imposing the internal revenue tax did not designate the tax as a customs duty and did not contain a provision to the effect that it should be treated as a duty imposed under the customs laws.

In both the *Westco* and *Hulse* cases, this and our appellate court held that the purpose of section 528 was—

* * * to make it clear that preferences and exemptions applicable to customs duties were to have no applicability to internal revenue taxes unless Congress expressly said so. [38 C.C.P.A. 101, at p. 107.]

The courts reached that conclusion from a consideration of the legislative history of the provision, which showed that the Treasury Department, as proponent of the measure to Congress, declared that to be its sole purpose.

In the brief filed on behalf of the defendant, it is asserted that drawback is an "exemption from duty" and that, consequently, section 528 is applicable to drawback.

The term "exemption," as applied to taxation, presupposes that property exempted otherwise would be subject to taxation. *State* v. *City of Hudson*, 231 Minn. 127, 42 N.W. 2d 546, 549. This is in accord with the ordinary meaning of the term, which is—

Freedom from a general duty or service; immunity from a general burden, tax, or charge. [Black's Law Dictionary, 3d ed.]

1. Act of exempting, or state of being exempt; freedom from any charge, burden, evil, etc., to which others are subject; immunity; as *exemption* from seizure, military service, etc .

    *       *       *       *       *       *       *

EXEMPTION commonly suggests the act of freeing or releasing, esp. from some charge or obligation imposed by [*sic*—on?] others; * * *. [Webster's New International Dictionary, 2d ed., 1945.]

In *Campbell* v. *United States*, 107 U.S. 407, 27 L. ed. 592, the Supreme Court of the United States said of drawback—

* * * The purpose of the drawback provision is to make duty free, imports which are manufactured here and then returned whence they came or to some other foreign country, articles which are not sold or consumed in the United States. * * *

It would, therefore, follow that the granting of drawback constitutes an exemption, and, under the interpretation of section 528 as given in the *Westco* and *Hulse* cases, that section is applicable to the matter of drawback of the internal revenue tax in the case at bar.

We deem it not inappropriate, however, to note that while section 528 thus operates to deny drawback of internal revenue taxes paid upon the importation of distilled spirits, allowance for drawback, and even for loss or destruction, is permitted by the Internal Revenue Code in the case of distilled spirits *manufactured or produced in the United States*, evincing a disposition on the part of the legislature not to retain internal revenue taxes on distilled spirits which are not sold or consumed in the United States. However, in the face of the prohibition contained in section 528, *supra*, it would appear that relief in similar cases involving internal revenue taxes paid on *imported* distilled spirits calls for legislative, rather than judicial, action.

Judgment will, therefore, issue overruling the protest claim.